**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-1916**

_____

ANTONYA HERRING,

        Plaintiff - Appellant,

    v.

VICKI MONTGOMERY, Individually and in her official capacity as CEO/Director, Central State Hospital,

        Defendant - Appellee,

    and

CENTRAL STATE HOSPITAL; BERNADETTE SPRUILL, Individually and in her official capacity as Head Supervisor, Forensic Unit, Central State Hospital; S. YARATHRA, M.D., Individually and in his official capacity as Chief Psychiatrist, Forensic Unit, Central State Hospital,

        Defendants.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   John A. Gibney, Jr., District Judge. (3:14-cv-00738-JAG)

_____

Submitted:  February 28, 2017            Decided:  March 3, 2017

_____

Before GREGORY, Chief Judge, KING, Circuit Judge, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

JeRoyd W. Greene, III, ROBINSON AND GREENE, Richmond, Virginia, for Appellant.  Mark R. Herring, Attorney General of Virginia, Rhodes B. Ritenour, Deputy Attorney General, G. William Norris, Jr., Gregory C. Fleming, Senior Assistant Attorneys General, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonya O. Herring appeals the district court's order granting summary judgment to Vicki Montgomery on her employment discrimination claim raised pursuant to 42 U.S.C. § 1983 (2012). Finding no error, we affirm.

We "review[] de novo [a] district court's order granting summary judgment." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." Id. (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." Id. at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013). When a "district court's grant of summary judgment disposed of cross-motions for summary judgment, we consider each motion separately on its own merits

3

to determine whether either of the parties deserves judgment as a matter of law." Defenders of Wildlife v. N.C. Dep't of Transp., 762 F.3d 374, 392 (4th Cir. 2014) (internal quotation marks omitted).

Montgomery did not take the allegedly discriminatory employment actions at issue in this case. Instead, those actions were taken by Montgomery's subordinates. Thus, Herring was required to demonstrate that (1) Montgomery had knowledge that her subordinates engaged in "conduct that posed a pervasive and unreasonable risk of constitutional injury," (2) Montgomery's response to the knowledge was sufficiently inadequate to amount to deliberate indifference, and (3) there was a causal link between the supervisor's inaction and the constitutional injury. Wilkins v. Montgomery, 751 F.3d 214, 226 (4th Cir. 2014) (internal quotation marks omitted).

We conclude that Herring failed to raise a genuine dispute of material fact to hold Montgomery liable for her subordinates' actions. While Herring does proffer some inconsistencies regarding employment decisions that Montgomery personally approved, and that Montgomery did not follow the written personnel policies at all times, these facts alone cannot show that Montgomery condoned any discriminatory intent of her subordinates. Montgomery did not sign the personnel form documenting Herring's assignment to Ward 8. In light of the

4

large nursing staff employed by the hospital, it was perfectly reasonable for Montgomery to delegate to the Director of Nursing the task of assigning work to nurses. Thus, the district court correctly held that Herring failed to proffer evidence establishing a basis to hold Montgomery personally liable under § 1983.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED